# IN THE UNITED STATES DISRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JACK FEI YANG, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CV-632-C |
| ) | |
| THE LUTHERAN CHURCH—MISSOURI ) | Removed from the Circuit Court |
| SYNOD, ) | of Dallas County, Alabama |
| ) | |
|    **Defendant.** ) | |

## NOTICE OF REMOVAL

Defendant The Lutheran Church—Missouri Synod ("LCMS") removes this case to the United States District Court for the Southern District of Alabama, Northern Division pursuant to 28 U.S.C. § 1441(a). In support of this Notice of Removal, LCMS states the following:

1. LCMS was sued in a civil action filed in the Circuit Court of Dallas County, Alabama, Civil Action Number CV-2019-000021. The documents attached hereto as Exhibit A constitute all of the process, pleadings, and orders served upon LCMS in that action to date. *See* 28 U.S.C. § 1446(a).

2. Per the face of the complaint attached in Exhibit A, Plaintiff Jack Fei Yang ("Yang") originally sued LCMS as a third-party defendant in a dissolution action pending in the Circuit Court of Dallas County, Alabama, styled as Civil Action Number CV-2018-000022. LCMS was served with that third-party complaint on July 18, 2019. LCMS subsequently filed a motion to dismiss or, in the alternative, to sever Yang's complaint against it on July 29, 2019. The Circuit Court of Dallas County ordered that Yang's Third-Party Complaint against LCMS be severed into a separate and distinct action, with Yang styled as plaintiff and LCMS styled as defendant, on September 5, 2019, and so *Yang v. LCMS*, Civil Action No. CV-2019-000021 was

opened on that date. The documents attached hereto as Exhibit B constitute all of the process, pleadings, and orders served upon LCMS in Civil Action Number CV-2018-000022 in the Circuit Court of Dallas County until the date of that court's severance order on September 5, 2019. *See* 28 U.S.C. § 1446(a).

3. This Notice of Removal is filed within the time limit for removal of civil actions pursuant to 28 U.S.C. § 1446. While Yang's original third-party complaint against LCMS was filed on June 28, 2019 and was served on LCMS on July 18, 2019, *see* Ex. B at 10, 25-26, the instant removed action was not severed, opened, and filed until September 5, 2019, *see* Ex. A at 2, 4. *See also* Ex. B at 133-34.

4. The third-party complaint filed against LCMS in the dissolution action was not a removable action. *See The Mobile Washington (MOWA) Band of the Choctaw Indian Tribe v. Sunbelt Res., Inc.*, 649 F. Supp. 2d 1325, 1329 (S.D. Ala. 2009) ("The majority of courts addressing the question of whether a third-party defendant is a 'defendant' within the meaning of the statute, and therefore entitled to initiate removal, have overwhelmingly concluded that such third party defendants are not defendants entitled to remove under § 1441(a). . . . The Eleventh Circuit has not directly addressed this issue of third party removals; however, based upon the well-reasoned majority view, the undersigned finds that third party defendants . . . are not entitled to exercise the right of removal.") (citations omitted).

5. When the Circuit Court of Dallas County, Alabama severed Yang's putative third-party complaint into a separate action and when that separate action was opened, it was the first order or other paper from which it may "be ascertained that the case [of Yang versus LCMS] is one which is or has become removable." 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the

defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). *See also Sharp Gen. Contractors, Inc. v. Mt. Hawley Ins. Co.*, 471 F. Supp. 2d 1304, 1305-06 (S.D. Fla. 2007) (denying motion to remand allegedly untimely removal because defendant had properly removed action to federal court within thirty days of state court order severing improperly-pled third-party complaint from main action into separate action, relying on § 1441(b) and observing that, "[i]n this case, it was not until October 12, 2006, when the state court issued its order to sever, that Mt. Hawley became a defendant, rather than a third-party defendant, and was permitted to remove the state court case to district court. Mt. Hawley had thirty (30) days from receipt of that Order in which to file its Notice of Removal"). This notice of removal is filed within 30 days of the Dallas County Circuit Court's severance order and the filing of Yang's claims against LCMS as a separate severed action; therefore, this notice of removal is timely. *See id.*

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), rendering it removable to this Court pursuant to 28 U.S.C. § 1441(a).

7. As Plaintiff alleges, he is a resident of Taipei City, Taiwan. *See* Ex. A at 5, ¶ 1.

8. As Plaintiff Alleges, LCMS is a Missouri corporation with its principal place of business in St. Louis, Missouri. *See id.* at 5, ¶ 2.

9. Based upon the foregoing, there is complete diversity in this action. *See* 28 U.S.C. §§ 1332(a)(2), 1332(c)(1).

10. Plaintiff's complaint against LCMS explicitly seeks "judgment against LCMS in the sum of $1,000,000.00, plus interest and costs." Ex. A at 8. Plaintiff also seeks punitive damages from LCMS. *See id.* at 9-10. The "sum demanded in good faith" in Plaintiff's complaint

against LCMS is "deemed to be the amount in controversy" for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1446(c)(2).

11. Because Defendant LCMS is a citizen of Missouri and because Plaintiff Yang is a citizen and resident of Taiwan, and because Yang's claims against LCMS make it explicit that the amount in controversy in this action exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). Thus, removal of this action is appropriate. *See* 28 U.S.C. § 1441(a). Moreover, as previously noted, this removal is effected within 30 days of the severance and re-filing of Plaintiff's improperly-styled third-party complaint as a separate (and therefore, removable) action, and so removal is timely under 28 U.S.C. § 1446(b)(3).

12. The United States District Court for the Southern District of Alabama, Northern Division, is the federal judicial district embracing the Circuit Court of Dallas County, Alabama, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 81(c)(1) and § 1441(a).

13. Pursuant to 28 U.S.C. § 1446(d), after the filing of this Notice of Removal, Plaintiff Jack Fei Yang will be provided with written notice and a true and correct copy of the instant filing, and Defendant LCMS will file a true and correct copy of this Notice with the Clerk of the Circuit Court of Dallas County, Alabama.

Respectfully submitted this the 13th day of September, 2019.

> */s/ Rebecca A. Beers*
> R. Scott Williams (ASB-3234-M63R)
> Rebecca A. Beers (ASB-0409-C62B)
> RUMBERGER KIRK & CALDWELL, P.C.
> 2001 Park Place North, Suite 1300
> Birmingham, Alabama 35203
> 205.327.5550
> swilliams@rumberger.com
> rbeers@rumberger.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have, on this the 13th day of September, 2019, served a true and correct copy of the foregoing on the following via United States Mail, first class, postage prepaid, and via electronic mail:

James B. McNeill, Jr.
Hobbs & Hain, P.C.
P.O. Box 1190
Selma, AL 36702-1190
334.874.6683
jbm@hhpclaw.com
**Counsel for Plaintiff Jack Fei Yang**

                                      */s/ Rebecca A. Beers*
                                      OF COUNSEL

12639341.v1